UNITED STATES DISTRICT COURT
UTAH DISTRICT COURT
CENTRAL DIVISION

| | |
|---|---|
| GRANT COLLRAM, individually and on behalf of all others similarly situated,<br><br>v.<br><br>6G MANAGEMENT SERVICES, INC.. | Case No.: _____<br>Collective Action (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. 6G Management Services, Inc. ("6G") does not pay overtime to its day rate employees. Instead, 6G pays its employees a flat day rate with no overtime compensation, even though they work many hours in excess of forty hours per week. Because this practice results in non-payment of overtime wages to Grant Collram and other similarly situated workers, Collram brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Plaintiff's claim occurred in this district and 6G is headquartered in this District.

### THE PARTIES

4. Collram was employed by 6G as a pipeline Utility Inspector.

5. 6G is an oilfield construction management and inspection company.

6. At all relevant times, the enterprise of which 6G is a part had gross annual revenues that exceeded the FLSA's statutory threshold of $500,000 for enterprise coverage.

7. 6G's employees work on pipelines, gas plants, compressor stations, and refineries in Colorado, New Mexico, North Dakota, Ohio, Texas, Utah, and Wyoming.

8. 6G employed Collram and the Class Members in its core construction and inspection business operations.

9. Collram brings this action on behalf of himself and all other similarly situated employees who were paid a day rate and who worked for 6G during the last three years.

10. 6G paid these workers a flat amount per day worked, without overtime pay required by the FLSA.

11. Collram's written consent to be a party plaintiff is attached as Exhibit 1.

12. The class of similarly situated workers that Collram seeks to represent under § 216(b) of the FLSA is defined as:

> **All employees of 6G who were paid a day rate during the last three years (the "Class Members").**

### FACTS

13. At all times hereinafter mentioned, 6G has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, 6G has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, 6G has been, or has been part of, an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person

and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than the statutorily required $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. 6G, at all relevant times, has had employees that handle, sell, or work on vehicles, computers, telephones, tools, oilfield equipment, and safety equipment that was produced for interstate commerce or that traveled in interstate commerce.

17. Collram and the Class Members performed duties for 6G that were integral to its operations, including constructing and inspecting oilfield installations.

18. Collram was employed by 6G from September 15, 2019 to December 20, 2019.

19. 6G paid Collram and the Class Members a day rate with no overtime premium for hours worked in excess of 40 in a workweek.

20. Throughout Collram's employment with 6G, 6G paid him on a day rate basis.

21. Collram and the Class Members worked for 6G under its day rate pay scheme.

22. If Collram and the Class Members did not work a day, they did not get paid for that day.

23. Collram and the Class Members receive a day rate.

24. Collram and the Class Members do not receive overtime pay, even though they regularly work 12 or more hours per day, six days per week.

25. For example, Collram's normal schedule was Monday through Saturday from 6:15 a.m. to 5:45 p.m. He was also required to submit daily reports by 8:00 p.m., which added an additional hour to each day he worked.

26. Collram was paid a day rate of $350 per day.

27. Collram and the Class Members received a day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

28. Collram and the Class Members are not employed on a salary basis.

29. Collram and the Class Members do not, and never have, received guaranteed weekly compensation irrespective of the days worked. The only compensation they receive is the day rate they are assigned times the number of days worked.

30. Collram and the Class Members do not have the power to hire or fire any employees.

31. Collram's working relationship with 6G is similar to 6G's relationship with the Class Members

32. 6G knew Collram and the Class Members worked more than 40 hours in a week.

33. 6G knew, or showed reckless disregard for, whether the Class Members were entitled to overtime under the FLSA.

34. 6G also knew that it is unlawful to pay employees a day rate without overtime pay when they work more than 40 hours in a week.

35. Nonetheless, 6G failed to pay Collram and the Class Members overtime.

36. 6G willfully violated the FLSA.

## CAUSE OF ACTION

37. By failing to pay Collram the Class Members overtime at one-and-one-half times their regular rates, 6G violated the FLSA's overtime provisions.

38. Because 6G knew, or showed reckless disregard for whether, its pay practice violated the FLSA, 6G owes these wages for the past three years.

39. 6G owes Collram and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

40. Collram and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

**RELIEF SOUGHT**

41. WHEREFORE, Collram seeks relief against 6G as follows:

    a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. Judgment pursuant to Section 16(b) of the FLSA finding 6G liable for unpaid back wages due to Collram and the FLSA Class Members and for liquidated damages equal in amount to their unpaid compensation;

    c. Judgment awarding attorneys' fees, costs and pre- and post-judgment interest; and

    d. All such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ M. Paige Benjamin
M. Paige Benjamin
Utah Bar No. 9722
PO Box 1464
Provo, Utah 84603
801-822-9210 – Telephone
801-228-2425 – Facsimile
paigebenjamin@mac.com

Richard J. (Rex) Burch (*pro hac vice forthcoming*)
Texas Bar No. 24001807
David I. Moulton (*pro hac vice forthcoming*)
Texas Bar No. Tex. Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

- 6 -

Michael A. Josephson (*pro hac vice forthcoming*)
Texas Bar No. 24014780
Andrew W. Dunlap (*pro hac vice forthcoming*)
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Telecopier: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Attorneys for Plaintiff**